A. OVERTON, Appellee, v. GEORGE SCHINDELE, Appellant.

## Liquor Nuisance: ABATEMENT: KNOWLEDGE OF OWNER.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

TUESDAY, JANUARY 19, 1892.

ACTION under sections 1540 and 1542 of Code to abate and enjoin a nuisance. There was a decree for the plaintiff. The defendant appeals. *Affirmed.*

*G. A. Holmes,* for appellant.

*Stone & Sims,* for appellee.

GIVEN, J.—This action is against John Beck and George Schindele, defendants. Schindele alone appeals.

The petition charges that the defendant Beck had for a month or more sold and offered for sale at the place described, intoxicating liquors, in violation of law; "that the defendant, John Beck, is the owner of said building, and the defendant, George Schindele, is the owner of said real estate; and that such use and occupation of the same has been and is with his knowledge and consent." The defendant Schindele answered as follows: "That he admits that he is the owner of the ground on which the building in the above cause is located, which is alleged to be a nuisance, but denies that he is the owner of said building, and that he permits and allows intoxicating and vinous liquors to be sold thereon contrary to law. This defendant further alleges that he has no control over said building or right thereto; that the owners thereof are unknown to this defendant; wherefore he demands judgment for costs." The appellant's sole complaint is that decree was entered against him without any evidence that he had notice or knowledge that the ground owned by him and described in the petition was being used by John Beck as a place for the sale of intoxicating liquors, in violation of law. The testimony is set out at length, and fully confirms the appellant's claim that there was no such testimony. Under the pleadings it was not required that the plaintiff should prove such knowledge, as the allegation of knowledge is not denied in the answer. The decree of the district court is AFFIRMED.